IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| DALLAS HUNT, Individually and Behalf of All Others Similarly Situated,<br>  *Plaintiff*,<br><br>v.<br><br>CP ENERGY SERVICES, INC., D/B/A CP WELL TESTING, LLC,<br>  *Defendant*. | § § § § § § § § § § § | C.A. NO. _____<br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Dallas Hunt ("Plaintiff" or "Hunt") brings this lawsuit against his former employer, CP Energy Services, Inc., d/b/a CP Well Testing, LLC ("Defendant" or "CP"), individually and on behalf of all others similarly situated employees to recover for unpaid overtime wages and misclassification as an independent contractor. Additionally, Plaintiff seeks to recover twenty-six (26) weeks of back wages, liquidated damages, and attorneys' fees and costs under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA"). In support thereof, he would respectfully show the Court as follows:

### I.   NATURE OF THE CASE

1.  Plaintiff's claims arise under the FLSA for unpaid wages. The FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and recordkeeping

requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c). Moreover, Plaintiff was misclassified as an independent contractor instead of as an employee of Defendant. Lastly, Plaintiff asserts a recordkeeping violation against Defendant under the FLSA.

2. Defendant willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful. CP violated the FLSA by employing Hunt and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours ... at a rate not less than one and one-half times the regular rate at which [they are or were] employed." 29 U.S.C. § 207(a)(1).

3. Additionally, CP violated the FLSA by failing to maintain accurate time and pay records for Hunt and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

4. Therefore, Plaintiff brings this collective action, under 29 U.S.C. § 216(b) on behalf of himself and all other similarly situated employees to recover overtime wages, liquidated damages, and attorneys' fees and costs.

## II.  PARTIES

5. Dallas Hunt is an individual, who is a citizen of the State of Texas and resides within the Western District of Texas Pecos Division.

6. CP Energy Services, Inc., d/b/a CP Well Testing, LLC is a for-profit corporation based in Oklahoma, conducting business in Texas, and may be served through its registered agent, United States Corporation Agents, Inc. located at 9900 Spectrum Dr, Austin, Texas

78717. Alternatively, if the registered agent of this Defendant cannot with reasonable diligence be found at the company's registered office, Defendant may be served with process by serving the Texas Secretary of State. *See*, TEX. BUS. ORG. CODE §§ 5.251-5.254; *see also*, TEX. CIV. PRAC. & REM. CODE § 17.026.

7. Any allegation that Defendant committed any act or omission should be construed to mean the company's officers, directors, vice-principals, agents, servants, or employees committed such an act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification, or approval of Defendant or was done in the normal course and scope of employment of Defendant's officers, directors, vice-principals, agents, servants, or employee.

### III. JURISDICTION AND VENUE

8. This action arises under a federal statute, the FLSA. 28 U.S.C. § 1331 (federal-question jurisdiction).

9. Venue is proper in this judicial district court 28 U.S.C. §1391(b), (c) and 42 U.S.C. §2000e- 5(f)(3), because Defendant conducts business in the district, and a substantial part of the events or omissions giving rise to Plaintiff's causes of action occurred in the Western District of Texas, Pecos Division.

### IV. STATEMENT OF FACTS

10. CP is headquartered in Oklahoma City, Oklahoma, and provides oilfield rental equipment, flowback, and well-testing services in multiple states, including Texas. *See*, https://www.cp.energy/about.

11. Defendant employed Hunt from approximately September 2023 to March 2024 as

a well test hand. This position was full-time, requiring Plaintiff to work a minimum of twelve (12) hours per day but up to twenty-four (24) hours at a time. Due to the sheer number of hours, Plaintiff did not have the opportunity to work for anyone else. Moreover, CP expected Plaintiff to only perform work for CP, exclusively, while Plaintiff worked for the company.

12. Throughout Plaintiff's employment with Defendant, he was responsible for assisting in rig setup and dismantling, operating machinery such as hoists and pumps, conducting basic equipment maintenance, transporting drilling materials, adhering to safety protocols, supporting drilling operations, and cleaning the drilling site. In other words, Plaintiff was performing the sort of manual labor that is typical of a non-exempt employee under the FLSA.

13. Defendant misclassified Hunt as an independent contractor though CP acted as Hunt's employer. Specifically, Plaintiff did not determine his own rate of pay, but his rate of pay was unilaterally set by Travis Hardee and Scott Kennemer, agents of Defendant. Moreover, Plaintiff received specific instructions for duty assignments and weekly work schedules from Hardee and Kennemer. Hunt did not have any independence, autonomy, or decision-making authority when it came to his job assignments, his duties, his rate of pay, or his schedule.

14. During Plaintiff's employment with Defendant, he was engaged in commerce or the production of goods for commerce. During his work, Plaintiff, as a well hand, routinely handled and repaired drilling materials and equipment that moved across state lines and contributed directly to the production of oil and gas products for interstate markets.

15. During Hunt's employment with Defendant, he directly and regularly engaged in interstate commerce, and this engagement was a substantial part of his work. Thus, Plaintiff is eligible for individual coverage under the FLSA.

16. Defendant paid Hunt on a day-rate basis.

17. During Hunt's employment with CP, he regularly worked in excess of forty (40) hours per week.

18. Defendant failed to pay Plaintiff *at all* for the overtime hours he worked in excess of 40 hours per week during the period from September 11, 2023, to March 31, 2024. Instead, CP paid Hunt a flat sum for each day's work regardless of the number of hours he worked in a workweek. *See*, 29 C.F.R. § 778.112 (day-rate workers entitled to additional overtime premium).

19. In other words, CP paid Hunt for his overtime at a rate less than one and one-half times the regular rate at which he was employed.

20. Hunt is not the only employee of Defendant who has not been paid at all for overtime hours worked. Defendant employs a substantial number of well hands like Plaintiff who were or still are compensated at day rates, with no overtime pay. These well hands, including Plaintiff are regularly required to work over 40 hours per week.

21. Defendant willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful. Because Defendant willfully violated the FLSA, it is liable to Plaintiff for any FLSA violations that occurred from September 11, 2023, to March 31, 2024. 29 U.S.C. § 255(a).

22. Defendant failed to maintain accurate time and pay records for Plaintiff as required

by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

23. As a result of the FLSA violation(s) described above, Defendant is liable to Plaintiff for back wages, liquidated damages, and attorneys' fees and costs. 29 U.S.C. §216(b).

## V. CAUSES OF ACTION

### A. Count One: Misclassification as Independent Contractor Versus Employee

24. Plaintiff repeats and re-alleges all facts alleged above with the same force and effect as though fully set forth herein.

25. Defendant misclassified Plaintiff as an independent contractor. 29 CFR § 795.105(b). Because Plaintiff should have been classified as an employee, Plaintiff is entitled to protection under the FLSA.

26. During Plaintiff's employment with Defendant, he should have been classified as a non-exempt employee and entitled to be paid overtime at a rate of one and a half times his regular rate for hours worked over forty (40) in a workweek. 29 U.S.C. § 207(a)(1). Defendant was (and is) legally obligated to pay Plaintiff at this overtime rate.

27. As such, Plaintiff was misclassified as an independent contractor.

### B. Count Two – Failure to Pay Overtime Wages in Violation of 29 U.S.C § 207

28. Plaintiff repeats and re-alleges all facts alleged above with the same force and effect as though fully set forth herein.

29. During Plaintiff's approximately six (6) month employment with Defendant, Defendant agreed to pay Plaintiff a daily rate. However, Plaintiff was an employee who regularly worked more than 40 hours per week and was paid a flat sum of $650 per day for

his work regardless of the number of hours he worked in a workweek.

30. Defendant failed to pay Plaintiff the legally required overtime rate of one and a half times his regular rate for hours worked over 40 in a workweek, as mandated by the FLSA. 29 U.S.C. § 207(a)(1).

31. As such, Defendant violated the FLSA by failing to pay Plaintiff overtime wages for the hours worked in excess of forty (40) per week.

### C. Count Three – Recordkeeping Violation in violation of 29 U.S.C. § 211

32. Plaintiff repeats and re-alleges all facts alleged above with the same force and effect as though fully set forth herein.

33. Defendant failed to keep accurate time and pay records for Plaintiff throughout his employment with Defendant.

34. Defendant's failure is evident in their failing to account for – and pay for – all hours worked by Hunt, and his fellow well test hands, in a timely manner.

35. As such, Defendant violated 29 U.S.C. § 211's requirement to keep accurate time and pay records for Hunt and his fellow well-test hands.

### D. Count Four – Willful Violation of the FLSA under 29 U.S.C § 255(a)

36. Plaintiff repeats and re-alleges all facts alleged above with the same force and effect as though fully set forth herein.

37. Defendant willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

38. Despite Plaintiff's regular work hours exceeding 40 hours per week, Defendant failed to compensate Plaintiff *at all* for overtime hours worked during his entire

employment with CP.

39. Therefore, because Defendant willfully violated the FLSA, the company is liable to Hunt for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

### E. Count Five – Collective Action Allegations Under 29 U.S.C. § 216(b)

40. Plaintiff repeats and re-alleges all facts alleged above with the same force and effect as though fully set forth herein.

41. On information and belief, other employees have been victimized by the FLSA violations described above.

42. These employees are similarly situated to Plaintiff because, during the relevant time period, they held the same position, were misclassified as independent contractors, and were compensated (or not compensated) in a similar manner, which, as explained herein, violates the FLSA.

43. Defendant's unlawful policies or practices, described herein, are generally applicable policies or practices and do not depend on the personal circumstances of the individual members of the Overtime Wage Collective (defined below).

44. Since Plaintiff's experiences are typical of the experiences of the members of the Overtime Wage Collective, collective action treatment is appropriate. See, 29 U.S.C. § 216(b).

45. Therefore, Plaintiff requests, under 29 U.S.C. § 216(b), that the Court authorize notice regarding the pendency of this case and the right to join it in the following collective:

All "well test hand" employed by Defendant during the last three years out of Texas who worked any number of overtime hours for which they were not paid the required federal overtime wage (the "Overtime Wage Collective").

46. Defendant is liable to Plaintiff and the members of the Overtime Wage Collective for back wages between what the company should have paid (all overtime hours worked at the Overtime Wage Collective's overtime rate) and what they actually paid ("$0.00).

47. Plaintiff has retained a competent and capable attorney who is experienced in complex employment litigation (including collective actions). Plaintiff and his counsel are committed to prosecuting this action vigorously on behalf of him and the members of the Overtime Wage Collective, have the financial resources to do so and do not have interest that is contrary to or conflicts with those of the proposed Collective.

### F. Count Six – Liquidated Damages, Attorneys' Fees & Costs under 29 U.S.C. § 216(b)

48. Plaintiff repeats and re-alleges all facts alleged above with the same force and effect as though fully set forth herein. FED. R. CIV. P. 10(c).

49. Plaintiff is authorized to recover liquidated damages on his claims by statute. 29 U.S.C. § 216(b).

50. Plaintiff is authorized to recover attorneys' fees and costs on his claims by statute as well. 29 U.S.C. § 216(b).

51. Plaintiff has retained the professional services of the undersigned attorney. Thus, Plaintiff has complied with the conditions precedent to recovering attorneys' fees and costs.

52. Moreover, Plaintiff has incurred and will incur attorneys' fees and costs in bringing this lawsuit. The attorneys' fees and costs incurred (or that will be incurred) were or are reasonable and necessary.

53. Defendant is liable to Plaintiff and the members of the Overtime Wage Collective for liquidated damages, attorneys' fees and costs by reason of the FLSA violations described herein. 29 U.S.C. § 216(b).

## VI. JURY REQUEST

54. Plaintiff requests a trial by jury.

## VII. PRAYER

For these reasons, Plaintiff prays that Defendant be cited to appear and answer herein and that this case be advanced for trial before a jury, and that on final hearing this Court grant the following relief:

    a) an order under 29 U.S.C. § 216(b) authorizing notice regarding the pendency of this case and the right to join in to the Overtime Wage Collective;

    b) an Order appointing Plaintiff as the representative of the Overtime Wage Collective;

    c) an Order appointing Space City Law Firm attorney Bridget Davidson as counsel for the Overtime Wage Collective;

    d) an incentive award for Plaintiff for serving as representative of the Overtime Wage Collective if the Court allows this action to proceed as a collective action;

    e) judgment against Defendant in Hunt's favor both individually and on behalf of the members of the Overtime Wage Collective for back wages, liquidated damages and attorneys' fees, plus interest and costs; and

f)     all other relief and sums that may be adjudged against Defendant in Hunt's favor both individually and on behalf of the members of the Overtime Collective;

Respectfully Submitted,

**SPACE CITY LAW FIRM**

_____
Bridget Davidson
*bdavidson@spacecitylaw.com*
TBN: 24096858
SPACE CITY LAW FIRM
440 Louisiana Street Suite 1110
Houston, Texas 77002
Tel.: 713-568-5305
Fax: 713-583-1107

ATTORNEY FOR PLAINTIFF